JOSEPH M. BROWN

*v.*

WILLIAM FARLEY et al.

In a partition suit pending in this court, the defendant claimed the whole premises under a deed from a former owner. A feigned issue to ascertain whether this deed was a forgery was made up, and defendant ordered to deposit the deed in court for complainant to inspect and photograph. The defendant, alleging that he had lost the deed, did not produce it, and on satisfactory proof that, after the order to deposit it had been made, he caused it to be taken out of his possession, he was adjudged by this court guilty of a contempt, and enjoined from offering the deed itself in evidence, or secondary evidence of its contents. On the trial of the feigned issue a verdict was rendered against the defendant. Subsequently the defendant and one Wilson were indicted for forging and uttering the deed, and on that trial the defendant was acquitted.—*Held,* on petition by defendant, that this court would not, merely because he had been acquitted of the criminal charge, vacate the order of contempt, nor dissolve the injunction prohibiting his offering the deed in evidence, nor set aside the verdict rendered on the feigned issue and direct a new trial thereon.

On petition of William Farley.

*Mr. J. G. Shipman,* for petitioner.

*Mr. Gilbert Collins, contra.*

VAN FLEET, V. C.

The principal object of the suit in this case is to procure a partition to be made of a part of the lands of which Francis Asbury Farley died seized. William Farley, one of the de-

Brown v. Farley.

fendants, by his answer, claimed to be the owner in severalty of the lands sought to be partitioned. This claim was founded on a deed purporting to have been signed by Francis Asbury Farley in his lifetime, but which, it is admitted, did not come to the possession of the defendant until "something like two years after the death of Francis Asbury Farley." The complainant disputed the validity of this deed, and a feigned issue was made up and ordered to trial at law to settle the question whether or not William Farley was seized in severalty of the lands in question. Afterwards, on the application of the complainant, Farley was ordered by the court to deposit his deed in court, so that the complainant might inspect it and procure a photograph to be made of it if he saw fit. This order was not obeyed. The defendant said he could not obey it because he was so unfortunate as to lose his deed on the Saturday evening preceding the Monday on which he was required to deposit it in court. He was subsequently required to show cause why he should not be adjudged guilty of contempt for his disobedience, and why such

NOTE.—A person may be punished by proceedings for contempt of court, although the offence be also indictable, *Yates's Case, 4 Johns. 317, 6 Johns. 337, 9 Johns. 395; State* v. *Williams, 2 Speers 26; Watson* v. *Citizens Sav. Bank, 5 Rich. (N. S.) 159;* see *Barry's Case, L. R. (3 Irish C. L.) 537; Cartwright's Case, 114 Mass. 230; Pierce's Case, 44 Wis. 411; People* v. *Mead, 92 N. Y. 415; Casey* v. *State, 25 Tex. 380; State* v. *Brophy, 38 Wis. 413.*

A defendant may be indicted for an assault committed in view of the court, although previously fined for the contempt, *Rex* v. *Ossulston, 2 Strange 1107; State* v. *Yancy, 1 Car. L. R. 519 (133);* so he may be fined for the contempt *after* he has been convicted and punished for the crime, *State* v. *Woodfin, 5 Ired. 199;* see *Hirst's Case, 9 Phila. 216;* or after he has been arrested and held on a criminal charge for the same matter, *Kelly* v. *Birch, 3 Irish Ch. 466.* See *Com.* v. *Stuart, 2 Va. Cas. 320.*

On a proceeding for contempt, the defence of a former adjudication was overruled, and the party adjudged guilty.—*Held,* that it could not be reviewed, *Muir* v. *Superior Court, 58 Cal. 361;* see *Snyder* v. *Van Ingen, 9 Hun 569; Murad* v. *Thomas, 30 Hun 81; Walker* v. *Fuller, 29 Ark. 448; Vertner* v. *Martin, 10 Sm. & Marsh. 103; Smith* v. *State, 5 Tex. 578.*

It is no defence to an attachment for contempt for not executing a conveyance, that the defendant was in prison when the instrument was tendered to him to be executed, *Morris* v. *Walsh, 9 Bosw. 636, 14 Abb. Pr. 387;* see *People* v. *Ball, 5 Cow. 415; Anonymous, 22 Wend. 635.*—REP.

Brown *v.* Farley.

judgment should not be pronounced against him for his contempt as should be fit and proper under the circumstances. The proofs produced on the hearing under this order, left no doubt whatever on my mind that the defendant had not lost his deed, but that he had procured it to be taken from his possession under such circumstances as he supposed would enable him to make a successful pretence of its loss. He was therefore adjudged guilty of contempt, and ordered to deposit the deed in court at a short day, or on his failure to do so, that he should be enjoined from offering his deed in evidence, either by original or substituted evidence. The feigned issue was subsequently tried and resulted in a verdict against the defendant. That result was inevitable from the fact that the defendant was enjoined from making proof of his title. The defendant was afterwards indicted, with one Isaac P. Wilson, for forging the deed, and also for uttering it, knowing it to be forged. On the trial of this indictment the defendant were acquitted.

The defendant now applies, by petition, for an order vacating the order adjudging him guilty of contempt, also dissolving the injunction against the production of his deed in evidence, also setting aside the verdict on the trial of the feigned issue, and directing a new trial of that issue. The grounds on which this order is asked are thus stated in the petition : ·

" And your petitioner further shows that the said trial lasted for about one week [meaning the trial of the indictment], and that on the said trial all the circumstances attending the execution of the said deed, and the reason why the said Wilson had held it back so long from your petitioner, and all the circumstances attending the loss of the said deed were given in evidence before the said court and jury, and all the matters concerning the said deed and the loss of it were fully explained to the entire satisfaction of the court ; and after the evidence on both sides in the said case had been closed, the court called the counsel on both sides to them and told them that they were so entirely satisfied that the defendants ought not to be convicted that they would tell the jury they ought to acquit them, and advised the counsel not to sum the matter up to the jury, and the counsel

Brown v. Farley.

did not; and the court expressed the opinion to the jury that they should acquit your petitioner and the said Wilson, and the jury did so pronounce a verdict of not guilty in favor of your petitioner and the said Isaac P. Wilson."

No claim is made that the order now sought to be vacated is erroneous in point of law, or that it was not justified by the facts before the court at the time it was made. On the contrary, it is conceded that it was right when it was made, but it is claimed that it ought to be vacated now, in consequence of what has transpired in another tribunal since it was made; in other words, that because the state was unable to prove that the defendant was guilty of forgery, his conviction of a contempt in suppressing his deed ought to be annulled.

There is such an absolute want of logical connection, as it seems to me, between what the defendant states as his ground for relief and the relief he seeks, that I confess I have been greatly embarrassed by the application. When I first entered upon the consideration of the case, the petition seemed to me to be so utterly empty of everything, either of fact or of law, which afforded the least support for the order asked, that I became afraid that I did not fully comprehend it, and I read it three times, to make sure that it did not contain some material statement which had escaped my attention on the previous readings. It certainly would be absurd to say that, because the defendant was not convicted of forgery, he could not have been guilty of concealing his deed, in contempt of the authority of this court.

The only allegations of the petition which have even a remote connection with the questions which it was the duty of this court to decide, are those in which it is said that all the circumstances attending the loss of the deed were given in evidence, and all the matters concerning the loss of the deed were fully explained to the entire satisfaction of the court which tried the indictment. But of what was the court satisfied? That the defendant had procured his deed, to be taken from his possession by such artifice as would enable him to pretend that he had lost it, or that he had actually lost it? As the language of the petition now stands, it is uncertain which construction should be adopted;

Brown *v.* Farley.

either is within the meaning of the words used. But suppose we adopt that construction which is most favorable to the defendant, and say that the pleader intended to say that the court was satisfied that the defendant had actually lost his deed, does the petition then present any reason why the order of this court should be revoked? Were exactly the same facts before that court that were before this? And was that court required to hear and decide exactly the same issues that this court was bound to hear and decide? These are important questions. The petition furnishes no means of answering them.

In this condition of affairs, it seems to me it is quite unnecessary to consider, even if it appeared that the facts were the same, and that another tribunal had reached a different conclusion on them, whether that would constitute a sufficient reason why this court should abandon its own judgment and adopt that of the other tribunal.

That part of the order of this court which prohibits the defendant from offering his deed in evidence, simply enforces a statutory regulation. The statute declares that, when a party to a suit refuses to comply with an order directing him to produce a document for the inspection of his adversary, he shall not be permitted to give such document in evidence. *Rev. p. 873* § *157.*

The application must be denied, with costs.